In the Matter of JOHN JOSEPH FRANK, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 4, 1977

*Nicholas C. Cooper* for petitioner.

*John J. Frank,* respondent *pro se.*

*Per Curiam.* The respondent was admitted to practice by this court on March 20, 1946 under the name John J. Frank. By judgment of the United States District Court for the Southern District of New York, rendered September 11, 1973, as modified on February 26, 1975, respondent was convicted, after a jury trial, of conspiring to violate the statutes relating to mail fraud and interstate or foreign transportation of stolen money (US Code, tit 18, § 371), four counts of interstate or foreign transportation of stolen money (US Code, tit 18, § 2314) and two counts of using fictitious names in carrying out a scheme to defraud by mail (US Code, tit 18, § 1342), and was sentenced to seven concurrent terms of four and one-half years imprisonment.

By an order filed on January 31, 1975, upon respondent's resignation, the District of Columbia Court of Appeals disbarred respondent from the Bar of the District of Columbia. In his affidavit of resignation to the District of Columbia Court of Appeals, respondent stated that he was aware that an investi-

gation was pending in connection with allegations of misconduct based upon the criminal convictions; acknowledged that the material facts upon which the "complaint" was predicated were true; and stated that the resignation was submitted because of his awareness that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself against them.

Respondent has not alleged facts sufficient to constitute a defense under the rules of this court, i.e., that the procedures employed in connection with his disbarment in Washington, D. C. were lacking in due process, that there was an infirmity of proof in that proceeding or that the imposition of discipline by this court would be unjust (see 22 NYCRR 691.3 [c]).

The respondent is adjudged guilty of serious professional misconduct. He is therefore disbarred from the further practice of law and his name is removed from the roll of attorneys and counselors at law, effective forthwith.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and DAMIANI, JJ., concur.